# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROMONDO AUDRAY LEWIS,

        Petitioner,                Case Number: 5:08-CV-14421

v.                                         HON. JOHN CORBETT O'MEARA

LLOYD RAPELJE,

        Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Romondo Audray Lewis is a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony. On February 13, 2006, he was sentenced as a fourth habitual offender to 12 to 25 years' imprisonment for the armed robbery conviction, 1 to 5 years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming that the trial court erred in admitting evidence of his prior larceny conviction and that the trial court erred in allowing the prosecution to present evidence that he tried to sell the storeowner a shotgun two days before the robbery. The Michigan Court of Appeals denied leave to appeal. *People v.*

*Lewis*, No. 269200 (Mich. Ct. App. June 12, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Lewis*, No. 134597 (Mich. Oct. 29, 2007).

Petitioner then filed the pending habeas corpus petition, raising the following claims:

I. Did the trial judge reversibly err in overruling the defense objection to the use of Petitioner's prior larceny conviction for impeachment under M.R.E. 609, as the trial judge's comments demonstrate that she did not believe she had discretion to bar the use of that conviction in violation of the Fifth and Fourteenth Amendments of the U.S. Constitutional right to a fair trial and due process?

II. Did the trial court reversibly err in overruling the defense objection to admission of evidence of Mr. Lewis's question to Mr. Kory on whether he wished to purchase a shotgun, as there was, contrary to the prosecution's assertion, no evidence that Petitioner actually possessed any shotgun on that date. There was no evidence that the shotgun referred to on that date played any role in the robbery and thus the prejudicial impact of that evidence far outweighed its minimal probative value in violation of the Fifth and Fourteenth Amendments of the U.S. Constitutional right to a fair trial and due process?

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

Both of Petitioner's habeas claims are based upon the trial court's decisions regarding the admission of evidence. In his first claim, Petitioner argues that the trial court erred in allowing testimony regarding his prior larceny conviction.

"Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994), *citing Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985). Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.2003). The United States Supreme Court has declined to hold that the admission of similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990). Although the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. Therefore, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513. Petitioner's challenge to the admission of the prior conviction, therefore, does not warrant habeas relief.

In his second claim, Petitioner also challenges the admissibility of evidence. Specifically, Petitioner argues that the trial court erred in permitting testimony that he tried to

sell the storeowner a shotgun just two days prior to the robbery. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts " 'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988)). In this case, the Michigan Court of Appeals held that testimony regarding Petitioner's attempt to sell a gun to the storeowner was properly admitted under state evidentiary rules. Therefore, this claim is not cognizable on habeas corpus review.

## C.

The Court next addresses whether Petitioner's claims warrant the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the

4

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. It would be a "rare case" in which a district judge issues a certificate of appealability after summarily dismissing a petition because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F.2d 87, 91 (2d Cir. 1979).

### III.

It plainly appears from the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/John Corbett O'Meara
United States District Judge

Date: October 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 30, 2008, by electronic and/or ordinary mail.

sWilliam Barkholz
Case Manager